WYS, PETICIONARIO Y APELANTE, *v.* FORNARIS, JUEZ MUNICIPAL, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso sobre *certiorari.*

No. 1453.—Resuelto en junio 1, 1916.

CERTIORARI—INTERÉS DEL PETICIONARIO.—Para que un peticionario pueda tener derecho al beneficio del auto de *certiorari,* debe ser claro su interés en la materia objeto del procedimiento que ha de anularse.

ID.—ALLANAMIENTO O REGISTRO—DERECHO DE PROPIEDAD.—Es insuficiente una solicitud de *certiorari* para que se anule una orden de allanamiento por virtud de la cual fueron ocupados varios objetos en que no se alega que alguna parte de la propiedad ocupada pertenezca al peticionario o fuera perjudicado en alguna forma por dicha ocupación.

ALLANAMIENTO O REGISTRO—DERECHO CONSTITUCIONAL—INCAUTACIONES INJUSTIFICADAS.—Los preceptos constitucionales y estatutorios que están en contra de las incautaciones injustificadas son en favor de la persona cuya propiedad o bienes han sido afectados por tales confiscaciones.

ID.—PROCEDIMIENTO.—No existe nada en la ley relativa a órdenes de allanamiento que exija que ella sea expedida en determinado procedimiento. Es un procedimiento separado.

ID.—OBJETOS NO PERTENECIENTES AL ACUSADO—INTERÉS DEL ACUSADO EN LA
    OCUPACIÓN.—El acusado en cuya causa se ha expedido una orden de allana-
    miento para ocupar objetos que no le pertenecen, no tiene derecho o interés
    alguno en la ocupación, aun cuando objete que fué injustificada y que iban
    a utilizarse en su contra.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael R. Rivera Zayas.*

Abogados del apelado: *Sres. Salvador Mestre* y *Jaime Sifre, Jr., Fiscales.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante Eduardo Wys, fué acusado por un delito consistente en haber solicitado de los profesores de instrucción pública contribuciones pecuniarias para fines políticos con infracción de la Ley del Servicio Civil. El día en que la denuncia fué presentada en la corte municipal un sargento de detectives llamado Ramón Guanil solicitó de la corte una orden de allanamiento para penetrar en la oficina de la Junta Local del Partido Unionista, y al obtener dicha orden procedió a ocupar varios pagarés, documentos, libros y otros objetos que estaban en poder de dicho comité.

Por vía de argumento, pero solamente con ese fin, puede admitirse al empezar que la petición para la orden de allanamiento era defectuosa, sino completamente ilegal y arbitraria, puesto que, entre otros particulares, en dicha solicitud no se alegaba en poder de quién se encontraban los objetos que se deseaba obtener, ni que no podían ser obtenidos fácilmente en alguna otra forma mediante moción para que fueran mostrados, etcétera, ni fueron descritos los objetos que se deseaban obtener. También se queja el apelante de que en dicha solicitud para la orden de allanamiento no se hacía constar que él, el apelante, era el secretario o estaba relacionado de algún modo con dicho comité. El objeto de la solicitud de *certiorari* presentada a la Corte de Distrito de Ponce era que los procedimientos habidos por virtud de la orden de allanamiento fueran anulados.

La verdadera cuestión que ha de ser resuelta por este

tribunal es la del derecho que tenía el apelante para solicitar que se librara este mandamiento de *certiorari,* admitiendo que la orden de allanamiento fué expedida indebidamente. En otras palabras, qué interés o derecho tenía él para pedir que fuera anulada la incautación que se hizo de dicha propiedad. Aparece claro de la petición, que la propiedad estaba en poder y pertenecía al Comité del Partido Unionista. No se demostró en la petición de la orden de allanamiento que el apelante tuviera algún interés en los documentos, o que de algún modo estaba relacionado con dicha organización. En verdad que él se basa en esta misma omisión para impugnar la expedición de la orden de allanamiento. Para que un peticionario pueda tener derecho al beneficio del auto extraordinario de *certiorari,* debe ser claro su interés en la materia objeto del procedimiento que ha de anularse. No se demostró que ninguna parte de la propiedad ocupada pertenecía al peticionario, o ni siquiera que fué perjudicado en alguna forma por dicha ocupación. Los preceptos constitucional y estatutarios que están en contra de las incautaciones injustificadas son en favor de la persona cuya propiedad o bienes han sido afectados por tales confiscaciones. Decir que el acusado tenía interés en esta propiedad porque había el propósito de usarla en su contra es dar a la palabra interés un uso que nunca se le da cuando se dice que una persona tiene interés en un pleito o cosa semejante. Es una cosa corriente preguntar a un testigo en un caso civil si tiene algún interés en el mismo, queriéndose significar con esto un interés pecuniario, o en la propiedad o parecido. La palabra interés se define en el tomo 22 de Cyc., página 1581, como incumbencia, ventaja, beneficio, cuota, porción, parte, participación, y en general un derecho en propiedad o su equivalente; y véase el tomo 30 de Cyc. 30, título "Partes." Podría interesarle a cualquier persona acusada de un delito, que la prueba en contra de ella no salga a la luz, pero si no ha sido ocupada ninguna propiedad de su pertenencia no puede decirse que tal persona tiene interés en el resultado de dicha

ocupación. De otro modo, cuando el dueño de la propiedad pudiera no hacer objeción a la incautación injustificada de dicha propiedad, con alegar un extraño que era prueba que iba a ser usada en su contra podría sacar partido de cualquier tecnicismo que el dueño pudiera estar dispuesto a renunciar. Debe observarse en cuanto a esto que en la petición de *certiorari* no se alega que los documentos y efectos ocupados tenían alguna relación con el delito por el cual se acusó al peticionario.

En la petición no se expresa de modo claro que la orden de allanamiento fué librada en el procedimiento criminal en el cual se presentó una denuncia contra el peticionario, pero como él solicitó que los documentos de esa causa criminal y no otros fueran certificados a la corte de distrito puede suponerse que el procedimiento para obtener la orden de allanamiento fué iniciado dentro de dicha causa. No existe nada en la ley relativo a órdenes de allanamiento que exija que la orden sea expedida en determinado procedimiento. Es un procedimiento separado.

Quizás técnicamente podría insistirse en que la orden de allanamiento fué expedida en la acción criminal en la cual el apelante era el acusado, y que como parte tendría derecho a impugnar la validez de cualquier cosa ejecutada en ella. Aun entonces él no tendría más derecho o interés para atacar la expedición de una orden de allanamiento que el derecho qué tendría un acusado para impugnar un *subpoena duces tecum,* cuando el testigo citado no se oponía. Y una cuestión parecida se presentaría cuando una persona que es parte nominalmente tratara de revisar mediante *certiorari* una sentencia, que en manera alguna le afectaba. Aun en una apelación directa es solamente la parte perjudicada la que puede ejercitar el derecho. Artículo 294 del Código de Enjuiciamiento Civil.

No habiendo el apelante demostrado tener algún derecho o interés en la propiedad que fué ocupada, la corte por esa

sola razón, pues puede haber otras, estuvo justificada en denegar el auto.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.